Alexander J. Petale, Esq., Bar No. 196632
LAW OFFICES OF ALEXANDER J. PETALE
P.O. Box 3993
Hollywood, CA 90078-3993
Telephone: 323.240.3894  213.413.5050
Facsimile: 213.413-5055
Email: petalelaw@juno.com

Attorneys for Plaintiff, LUZ A. ESPINOZA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ A. ESPINOZA, <br><br>    Plaintiff, <br><br> v. <br><br> DETECTIVE CURT HARRIS, et al., <br><br>    Defendants. | Case No. 5:13-cv-01124 ABC-SP <br><br> **JOINT RULE 26(F) REPORT** <br><br> Date: November 4, 2013 <br> Time: 10:00 AM <br><br> COURTROOM 680 |

**AUDREY B. COLLINS, JUDGE**

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 26(f), the Court's Order Setting Scheduling Conference and Local Rule 26, Plaintiff and Defendants submit the following report:

**1. Overview and Principal Issues in the Case**

Plaintiff was a homeowner in the City of Jurupa Valley, CA. She contends that Defendants engaged in an unconstitutional violation of her right to be free from unreasonable searches and seizures of her home and person and that the violation of her Constitutional rights, by the Defendants, caused her to suffer damages in dollar amounts to be proven at the time of the trial herein. Plaintiff contends that the Defendant Officers could not have obtained a warrant in good faith to search her home

for illegal narcotics, narcotic paraphernalia or cash representing the profits of drug dealing, since neither she nor any member of her family has ever been involved in narcotic activity and they do not have any criminal history. Plaintiff has further alleged that the Defendants, in violation of her constitutional rights wrongfully seized $12,000.00 in U.S. currency, which she had legitimately earned from rental income, from the residential real property she owned and which money she was going to use to pay off the arrearages of her mortgage. Despite the Defendants lack of probable cause to seize the Plaintiff's U. S. Currency, the Defendant's nevertheless took, converted and stole the Plaintiff's money. Plaintiff lost her home of 6 years, because the Defendants seized her money without probable cause. No criminal charges were ever filed against the Plaintiff. The Plaintiff seeks damages for the replacement value of her money and the loss of her home, punitive damages, and attorney's fees and costs.

Defendants deny the allegations. They contend that their entry into the Plaintiff's home was based on probable cause and pursuant to a validly obtained search warrant and done at the request of the Federal Drug Enforcement Agency (DEA), the $11,500 that was covered in illegal drug residue that was ultimately seized was, pursuant to order of the Riverside County Superior Court, turned over to the DEA within days of its seizure and was subject to forfeiture under federal law, and that the Federal authorities provided multiple notices to Plaintiff at her last known addresses of her right to contest the forfeiture.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain related claims arising under state law.

2. Key Legal Issues

The key legal issues are whether the Defendants' reliance on an alleged confidential informant was proper and whether the warrant affidavit was executed in good faith and whether the seizure of the Plaintiff's money was done with probable

cause. Other issues are whether the Defendants' should be subjected to punitive damages and the dollar amounts of the Plaintiff's damages.

### 3. Motions to Amend and add Parties to the Plaintiff's Lawsuit

Plaintiff anticipates filing a Motion to Amend her pleading and add parties to her lawsuit on or before February 1, 2014.

### 4. Disclosure and Discovery

The parties agree to exchange initial disclosures no later than October 31, 2013. The parties will commence discovery on November 1, 2013. The parties expect to complete discovery by May 31, 2014. The parties agree that any Motions to Compel discovery should be heard no later than June 30, 2014. The parties agree to exchange expert witness designations and lists by July 15, 2014 and to complete all expert witness depositions by August 15, 2014. The parties consent to applicable rules and limitations, subject to a request to the Court for relief if needed (or by stipulation).

Plaintiff plans to take the depositions of all Defendants, including Persons Most Knowledgeable from the Defendant County of Riverside internal affairs Officers who investigated the subject incident. Defendants anticipate taking Plaintiff's deposition, the depositions of relevant DEA personnel and the depositions of any non-party witnesses identified by Plaintiff. The parties will serve document and deposition subpoenas on said non-parties as needed.

The parties request that disclosure of expert witnesses required by Federal Rule of Civil Procedure 26(a)(2) shall be completed as follows: (i) the parties shall disclose all expert witnesses on or before July 15, 2014; (ii) rebuttal experts shall be disclosed on or before July 30, 2014. Expert discovery shall be completed by no later than August 31, 2013.

### 3. Anticipated Motions and Cutoff Date

Defendants intend to move for motion for summary judgment or, alternatively, partial summary judgment. Defendants request that the motion filing deadline be set for July 31, 2014, and the last day to hear a motion for Summary Judgment, to be set for on or about August 25, 2014.

### 4. Settlement Efforts and Recommended Procedure

To date, the parties have not engaged in settlement discussions. The parties agreed that it is too early in the litigation to assess the likelihood of settlement and may engage in settlement discussions as discovery proceeds.

The parties consent to a settlement conference before the assigned Magistrate Judge. If proceedings before the assigned Magistrate Judge do not resolve the case, the parties reserve the right to set the matter before a retired judge agreed upon by the parties to privately mediate the dispute, prior to the pre-trial conference date.

### 5. Estimated Length of Jury Trial and Proposed Dates

Plaintiff demanded a jury trial in her initial complaint and Defendants demanded a jury in their answer. The parties anticipate that a trial in this matter will last approximately five days and anticipate calling 7-10 witnesses, each. The parties propose a pre-trial conference date of on or about October 1, 2014, and a trial date of on or about October 15, 2014.

///
///
///
///
///
///
///
///
///

### 6. TRIAL COUNSEL

Trial Counsel for Plaintiff is Alexander J. Petale.

Trial Counsel for Defendants is Bruce E. Disenhouse.

### 7. Other Issues Affecting Case Management

The parties are not aware of any other issues at this time affecting management of the case.

Dated: October 21, 2013

_____
Alexander J. Petale, Esq., Attorney for
Plaintiff LUZ A. ESPINOZA

Dated: October 22, 2013

_____
Bruce E. Disenhouse, Esq., for
Defendants